JOHN DICKERSON ET AL. v. R. A. ABERNATHY, ADM'R.

(Case No. 2978.)

1. CHILD'S TITLE IN COMMUNITY PROPERTY — LEGAL AND NOT EQUITABLE.— The child who sues for his share in the community property of a deceased parent is not asserting an equity, but a legal title. Johnson *v.* Harrison, 48 Tex., 268.

2. CONVEYANCE OF COMMUNITY PROPERTY BY SURVIVING HUSBAND.—
   A conveyance of the community property belonging to himself and
   deceased wife by the surviving husband, except where he has given
   bond, or where it is made in discharge of a community obligation,
   or in the settlement of community debts, is simply a conveyance of
   his own interest in the property, and in no way affects the heirs of
   his deceased wife.   Kirkland v. Little, 41 Tex., 460.

3. SURVIVING HUSBAND NOT A TRUSTEE.— After the death of the wife,
   a surviving husband exchanged lots in a city, belonging to the com-
   munity estate of himself and his deceased wife, for a tract of land.
   The sale passed only his title to the lots, in no way dispossessed his
   children, and being in no way the trustee of their interest in the
   community property, they cannot elect to have their interest in the
   lots set apart to them out of the land so acquired in exchange there-
   for.   Perry on Trusts, 127.   It would be otherwise were he to buy
   land after the death of his wife with money belonging to the
   community estate, in which case the surviving husband would be
   a tenant in common with the heirs of the deceased wife, in the
   property so acquired.   McAlister v. Farley, 39 Tex., 552.

APPEAL from Fannin.   Tried below before the Hon. Jno.
C. Easton.

A statement of the case will be found in the opinion.

*Richard B. Semple*, for appellants.

*W. A. Evans* and *H. G. Evans*, for appellee.

QUINAN, J.— John Dickerson, for himself and as next
friend of Jesse Dickerson, a minor, instituted this suit
against Abernathy, the administrator of the estate of their
father, S. B. Dickerson, to recover one hundred and twenty
acres of land, which they alleged they are entitled to as sole
heirs of their deceased mother, for this; that after her death
their father exchanged for it certain lots in McKinney,
which were the community estate of the said S. B. Dicker-
son and Margaret, their mother.

They allege that, when their mother died, neither she nor
their father, S. B., owed any debts; that no administration
was ever had on her estate, there being no necessity there-
for; that said S. B. Dickerson never filed any bond or in-
ventory of the community estate.   They set out in the

petition fully how the property sued for was acquired; how much they had received from their mother's community estate; what other property of the community had been sold, and aver that the one hundred and twenty acres is the mother's share in the community remaining, and that they have received no estate from their father. In an amended petition they allege that their father made an absolute conveyance of the whole lots in McKinney, purporting to convey the interest of himself and plaintiffs; that they elect to sue for the one hundred and twenty acres; that they never have resorted to any interest they might claim in the McKinney lots; have never received any benefit from them, and are looking solely to the property in controversy in this suit for their remuneration, etc.; that the estate of their father is insolvent, and the property in the hands of his administrator.

To this petition the administrator filed a general demurrer, which was sustained, and judgment was then rendered for the defendant, and that the cause be dismissed.

The plaintiffs have appealed from this judgment, and assign for error that the court erred in entering judgment final on demurrer and dismissing their suit.

The question presented is whether in the case stated the heirs of Margaret Dickerson are entitled to recover of the estate of S. B. Dickerson the property purchased by him with community property, or received in exchange for the community property of himself and Margaret, conveyed by him after her death; whether they can elect for which property they shall sue, and follow, if they see fit, the property or that purchased with it?

It is now the settled law of this state that "community property, upon the death of either husband or wife, vests by the statute in the survivor and the children of the deceased. The interest of the survivor is the same — each one-half of the remainder. The legal title is in the survivor and the children. The child who sues for his share is not asserting an equity, but a legal right." Johnson v. Harrison, 48 Tex., 268, and cases cited.

A conveyance by the surviving husband of the property except where he has given bond and filed an inventory under the act of 1856, or where it is made in discharge of community obligations, or in the settlement of the community debts, is simply a conveyance of his own interest in the property, and in no way affects the title of the heirs of the deceased wife. He has no power, in such case, over their half of the property. They have the absolute right to sell and dispose of it, as fully and amply as the surviving husband. Kirkland v. Little, 41 Tex., 460. So in the present case, as it is alleged that, at the time of the death of Mrs. Dickerson, there existed no debts against her or her husband; that there has never been administration upon her estate; that Mr. Dickerson never filed any bond or inventory under the law of 1856; that the children of Margaret Dickerson have received nothing from the estate of their father, and have not received their full share of the estate of their mother, and that the McKinney property was community estate of their father and mother at the time of their mother's death, the absolute legal title to one-half of that property vested in them, and not a mere equity.

Their father, having no power over it, or right of disposition of it, was chargeable with no duty or obligation concerning it. During the life-time of Mrs. Dickerson, because of their marital relations, he occupied towards her and her estate a fiduciary capacity, but upon her death, in the case stated, such relation did not exist between himself and her heirs. And unless such fiduciary relation existed, or was implied by the law, there would be no resulting trust from any disposition he might attempt to make of their property.

The rule is stated in Perry on Trusts, 127, "that if a person having a fiduciary character purchase property with the fiduciary funds in his hands and take the title in his own name, a trust in the property will result to the person entitled to the beneficial interest in the fund with which the property was paid for." And the instances given are where trustees, guardians, administrators, husbands, and the like,

purchase property with the money in their hands belonging to the persons to whom they bear a fiduciary relation.

But it is said: "If one who stands in no fiduciary relation to another appropriates the other's money and invests it in real estate or other property, no trust results to the owner of the money."

And again: If one standing in no fiduciary relation obtains another's property wrongfully and invests it in land in his own name, or if a clerk appropriates his master's money and buys real estate in his own name, there is no resulting trust.    p. 107.

It follows from this that the heirs of Mrs. Dickerson, having in themselves the legal ownership of the McKinney property, of which they have never been dispossessed by any act of their father, they have the undoubted right to sue for and recover it.

And, consequently, and inasmuch as it was purchased during the existence of the marriage, and was not acquired by the investment of any money or fund belonging to them, that they have no right to elect to consider themselves dispossessed of the title to that property and recover from the administrator of their father the property for which it is alleged he exchanged it by a conveyance invalid to effect a transfer of their title in it.

This case does not involve the consideration of what might be the rule applicable, where the surviving husband remains in possession of funds belonging to the community, and invests that money after the death of the wife in real property.    In such case we do not doubt, as held in McAlister v. Farley, 39 Tex., 552, the surviving husband, or his administrator, could be tenants in common with the heirs of the deceased wife in the property, or the heirs might sue the husband or his administrator for the money.    But this results from the fact that he holds that money in a fiduciary character until the affairs of the conjugal partnership are settled, and the same rules do not apply as in the case before us, where the property involved is real property acquired during the continuance of the marriage, and remaining at

its dissolution, and in which the legal title to one-half vests at once in the heirs, not subject to his control, except in the cases indicated and in the mode provided by law.

We conclude, therefore, that the demurrer was properly sustained, and there being no error in the judgment, it ought to be affirmed, and we so award.

AFFIRMED.